IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAROLINE MORGAN, | § | |
| | § | |
| V. | § | A-16-CV-1264-LY |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION, et al. | | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Federal Bureau of Investigation's Motion to Dismiss (Dkt. No. 5); Plaintiff's Response to Defendant FBI's Motion to Dismiss (Dkt. No. 13); Plaintiff's Motion to Remand (Dkt. No. 11); Defendant's Response in Opposition to Plaintiff's Motion to Remand (Dkt. No. 12); Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. No. 17); and Plaintiff's Motion to Stay Case (Dkt. No. 19). The District Court referred the above motions to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

**I. GENERAL BACKGROUND**

Plaintiff Caroline Morgan brings this action against the Texas Department of Insurance (TDI), Office of Injured Employee Counsel (OIEC), and Federal Bureau of Investigation (FBI). Morgan originally filed this suit in Travis County to stay proceedings for two workers' compensation claims while Morgan's two cases before the Fifth Circuit are pending.[1] The workers' compensation claims supposedly request relief for a work fall, which caused a spinal fracture. Dkt. No. 2-3 at 6.

---

[1] At this point, it appears that both appeals have been dismissed. *See Morgan v. USA*, No. 16-50956 (5th Cir. Dec. 7, 2016); *Morgan v. FBI*, No. 16-50886 (5th Cir. Nov. 15, 2016).

According to Morgan, the two pending workers' compensation claims are handled by TDI and OIEC. Dkt. No. 2-3 at 2. However, Morgan alleges that the FBI's unconstitutional actions—which are addressed in the two cases before the Fifth Circuit, and include allegations such as accessing her veins, infiltrating her medical records, and withholding records—affect the outcome of the state proceedings. Dkt. No. 2-3 at 6-7. *See also Morgan v. FBI*, No. A-15-CV-1255-LY, 2016 WL 7443397, *1 (W.D. Tex. May 24, 2016); *Morgan v. Unknown FBI Agents*, Dkt. No. 5, No. A-16-CV-495-SS, *4 (W.D. Tex. May 3, 2016). She therefore requests a stay of the workers' compensation proceedings until the federal appeals have been decided. Though Morgan included the FBI as a defendant to this claim, the FBI plays no role in the state proceedings. Moreover, Morgan does not appear to request any relief from the FBI regarding this claim. Thus, this claim appears to solely apply to TDI and OIEC.

Notwithstanding this, in her state court petition Morgan additionally requests a permanent injunction against the FBI. Dkt. No. 2-9. Morgan claims that the FBI: tampered with her mail on multiple occasions (Dkt. No. 2-9 at 3); slashed her bike tire causing her to crash (*Id.*); drugged her on two occasions (*Id.* at 5); colluded with the local police force to prevent her from making a report against the FBI (*Id.*); and generally covered up all of its actions through collusion with a number of state and local entities (*Id.* at 9-10). She argues that the FBI violated her Eighth Amendment right to be free from cruel and unusual punishment, and requests the court to enjoin the FBI from continuing these actions.

The FBI removed the case pursuant to 28 U.S.C. § 1442(a), and immediately moved for dismissal of the claims against it. The FBI argues that this Court does not have jurisdiction over Morgan's claims, or in the alternative, that she has failed to state a claim upon which relief may be

2

granted. Morgan objected to both the removal and motion to dismiss, arguing that removal was improper and the case should be remanded to the state court. She does not challenge the arguments made by the FBI in its motion to dismiss, and only argues that the removal was improper. Dkt. No. 13. Neither TDI nor OIEC have filed any motions in this Court, so the motion to stay proceedings is not at issue here.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Federal district courts are courts of limited jurisdiction, and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Assn. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

## III. ANALYSIS

The FBI moves to dismiss Morgan's claims on the basis of the doctrine of derivative jurisdiction. This doctrine states that "when a case is removed from state to federal court, the

jurisdiction of the federal court is derived from the state court's jurisdiction." *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014); *see also Colonial Cty. Mutual Ins. Co. v. United States*, No. SA-15-CV-917, 2015 WL 7454698, *2 (W.D. Tex. Nov. 23, 2015); *Schlorff v. Dig. Eng'g & Imaging, Inc.*, No. 16-11016, 2016 WL 6276882, *2 (E.D. La. Oct. 27, 2016).[2] In *Lopez*, the court found that because the United States had not waived sovereign immunity in state court for claims under the Federal Tort Claims Act, removal to federal court did not cure the state court's lack of subject matter jurisdiction. *Id.* at 351. Thus, even if the federal court would have had original jurisdiction over the claims, the district court's subject matter jurisdiction after removal is limited to that of the state court's. *Id.* at 350. While the doctrine of derivative jurisdiction no longer applies to removal under 28 U.S.C. § 1441, the Fifth Circuit found that it still applies to removal under Section 1442. *Id.* Here, the FBI removed this case pursuant to Section 1442(a), which allows for removal for any claims against a federal official or agency. 28 U.S.C. § 1442(a). Thus, this Court does not have jurisdiction over any claims that could not be brought against the FBI in state court.

In her state court petition, Morgan requests injunctive relief against the FBI for a number of alleged actions. However, Morgan has failed to identify where the United States has waived its sovereign immunity from suit for the relief she seeks in state court. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *cf. Lopez*, 749 F.3d at 351 (finding that even though the United States waived its sovereign immunity under the Federal Tort Claims Act, it granted exclusive jurisdiction to federal

---

[2]The Fourth and Ninth Circuits have reached the same conclusion. *Palmer v. City Nat. Bank of W. Va.*, 498 F.3d 236, 245-46 (4th Cir. 2007); and *Cox v. U.S. Dep't of Agriculture*, 800 F.3d 1031, 1032 (9th Cir. 2015).

courts).³ Accordingly, the state court was without jurisdiction to hear Morgan's claims against the FBI. Under the derivative jurisdiction doctrine, therefore, this Court does not have jurisdiction over the removed claims.

Moreover, even were this Court to find it has subject matter jurisdiction, Morgan fails to state a claim upon which relief may be granted. A complaint lacks an arguable basis in fact and is factually frivolous when the allegations are fanciful, fantastic, and delusional or when they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992); *see Flores v. United States Attorney General*, 434 F. App'x 387, 388 (5th Cir. 2011) (finding that pro se plaintiff's fanciful and delusional claims should be dismissed as frivolous where plaintiff alleged that certain members of the federal government were "using advanced technology with direct signal to the satellite in outer space that has the capability of calculating a genetic code to inflict upon the petitioner").

Morgan's claims for injunctive relief are frivolous and should be dismissed. First, Morgan appears to base her claim for injunctive relief against the FBI on alleged violations of the Eighth Amendment. She states that "it is a threat to her Eighth Amendment right, to be free from cruel and unusual punishment." Dkt. No. 2-9 at 2. However, "the [E]ighth [A]mendment prohibition against cruel or unusual punishment is not applicable to cases in which the plaintiffs were not in custody as a result of having been convicted of a crime." *Lynch v. Cannatella*, 810 F.2d 1363, 1375 (5th Cir.

---

³ *See also Int'l Primate Protection League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 85 (citing to *Larson v. Domestic & Foreign Commerce Corp.*, 337 U..S. 682, 693 (1949) for the proposition that "[t]he reason agencies were not being sued, of course, was that Congress had not consented to such suits [in state court] and the agencies were therefore shielded by sovereign immunity"); 2 FED. PROC., L. ED. § 2:266 *Waiver of Sovereign Immunity Where Equitable Rather than Money Damages Requested* (Dec. 2016) (noting that the waiver of sovereign immunity for equitable relief against the U.S. government does not apply in state court).

1987). Morgan has never alleged that she is or was in government custody after a criminal conviction; thus the Eighth Amendment does not apply to her claims.

Additionally, Morgan's allegations do not rise above the "level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 32-33. Below is a sample of just a few of Morgan's allegations against the FBI:

| | |
|---|---|
| 7/3/16 | Plaintiff drugged by FBI (the day prior she [sic] goes to New Orleans to file an Emergency Petition for Writ of Mandamus against the FBI)—refused treatment by Seton Brackenridge doctor |
| 7/28/16 | Inside of Plaintiff's elbows chemically burned by FBI—2 [Austin Police Department] officers refuse to make a police report against the FBI |
| 8/4/16 | Plaintiff files complaint with officer of the Police Monitor—Cpl. Carlisle did not receive all of Plaintiff's complaint including pictures of the inside of her elbows, etc. |
| 9/9/16 | Plaintiff drugged by FBI—refused treatment by Comm-Unity Care 41st Street |
| 10/13/16 & 10/5/16 | Plaintiff is denied Defendant Texas Dept. of Insurance Benefit Review Conference then letter dated 7 days later 10/5 Defendant TDI letter states a Benefit Review Conference is scheduled for "EXISTENCE OF COMPENSABLE INJ." |

Dkt. No. 2-9 at 5. While Morgan goes on to provide surprising detail to support these allegations, these claims are clearly fanciful, fantastic, and delusional. *See also Morgan v. Unknown FBI Agents*, 1:16-CV-0495-SS, at 4 (W.D. Tex. May 3, 2016) (finding that Morgan's similar claims were "paranoid and delusional"). Therefore, Morgan's claims for injunctive relief against the FBI should be dismissed.

Finally, Morgan filed a motion to remand the case. As the claims against the FBI should be dismissed, the only claim that remains is for an injunction to stay the Texas workers' compensation proceedings. *See* 28 U.S.C. § 1445(c); Dkt. No. 2-3 at 2. This claim is clearly outside the scope of

this Court's original jurisdiction, and "raises novel or complex issues of State law." 28 U.S.C. § 1367(c). Thus, this Court finds that the remaining claim against the Texas Department of Insurance and the Office of Injured Employee Counsel should be remanded to state court. *Spencer v. New Orleans Levee Bd.*, 737 F.2d 435, 438 (5th Cir. 1984) (allowing for remand after the court "decline[d] to exercise continued jurisdiction over the nonfederal elements"); *Owens v. Spanish Village Cmty. Dev. Corp.*, No. H-05-3679, 2006 WL 237030, *3 (S.D. Tex. Jan. 31, 2006) (finding that "[w]hen all federal claims are resolved early in a lawsuit and only state law claims remain, a court should remand the case to state court").

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the Court **RECOMMENDS** that the District Court **GRANT** Defendant FBI's Motions to Dismiss (Dkt. No. 5), and recommends that the claims against the FBI be **DISMISSED FOR LACK OF JURISDICTION.** The Court **FURTHER RECOMMENDS** that the District Court **GRANT IN PART** Plaintiff's Motion to Remand (Dkt. No. 11), and **REMAND** Morgan's claims against Defendants Texas Department of Insurance and Office of Injured Employee Counsel. Finally, in light of the above-discussion the Court **RECOMMENDS** that the District Court **DENY AS MOOT** Morgan's Motion for Leave to Proceed In Forma Pauperis (Dkt. No. 17) and Motion to Stay Case (Dkt. No. 19).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-1429 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 10th day of April, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE